**Kenneth D. BARNEY and Madeline L. Barney, Appellants,**

v.

**INTERNAL REVENUE SERVICE, Jerome Kurtz, Commissioner, Appellees.**

**No. 79–1488.**

United States Court of Appeals, Eighth Circuit.

Submitted March 27, 1980.

Decided April 3, 1980.

Kenneth D. Barney and Madeline L. Barney, on brief for appellant pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett and Murray S. Horwitz, Attys., Tax Div., Dept.

of Justice, Washington, D. C. and Robert D. Hiaring, U. S. Atty., Sioux Falls, S. D., on brief for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiffs Kenneth and Madeline Barney appeal the district court's[1] entry of summary judgment against them and dismissal of their complaint brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain information from the Internal Revenue Service (IRS). For the reasons stated below, we affirm but remand with direction.

The Barneys are currently under investigation by the IRS due to their alleged failure to file federal income tax returns for 1975. After unsuccessful attempts to obtain IRS records of interest to them, plaintiffs initiated this action pursuant to the FOIA in district court, seeking an order requiring the IRS to disclose to them seventeen categories of information.

██ The IRS responded with a motion for summary judgment and supporting affidavits and exhibits. The IRS advised that it was willing to release to plaintiffs 952 pages out of a total of 1,975 pages of documents in issue.[2] The IRS further advised that it had no records reflecting the information requested in plaintiffs' categories 4, 6, 7, 8, 12, 13, and 17,[3] and that it could not identify from plaintiffs' description the records requested in category 9.[4] Finally, the IRS objected to release of the documents

1. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

2. Originally the IRS agreed to make these documents available to plaintiffs at the Aberdeen District Office. The Barneys argue on appeal that the district court erred in denying their motion to require production of the documents at the Rapid City District Office. The government advises that the IRS has now agreed to permit plaintiffs to inspect the documents at Rapid City. Therefore, this issue is moot.

3. These categories, for which the IRS claims to have no information, are defined by plaintiffs as follows:

    (4) Copy of Memorandum to Participants in Conference on Tax Rebellion Movement as concerns the 8th District.

        \*     \*     \*     \*     \*     \*

    (6) Copy of all mail concerning us intercepted and interpretative reports pertaining to such mail prepared by any agent or employee of the IRS, 1975 to present time.

    (7) Copy of all tape recordings of conversations monitored at our residence or place of business and interpretative reports pertaining to said conversations, 1975 to present time, in files of Intelligence Division.

    (8) Copy of all information concerning us in electronic files of the Inspection Service, Internal Security Division, 1975 to present time.

        \*     \*     \*     \*     \*     \*

    (12) Total number of IRS personnel in So. Dak. that have been audited in year 1975; in year 1976; in year 1977.

    (13) Total number of IRS personnel in So. Dak. that have had their bank records summonsed for year 1975; for year 1976; for year 1977.

        \*     \*     \*     \*     \*     \*

    (17) Total number of investigations of IRS personnel in South Dakota, broken down as to categories, such as, tax protestors, tax evaders, general audits, etc., for year 1975; for year 1976; for year 1977.

The IRS submitted affidavits denying that it had any information obtained by mail cover activity or electronic surveillance, as requested in categories 6, 7, and 8. The agency did not submit affidavits to support its claim that it did not have the information requested in categories 4, 12, 13 and 17. The Barneys thus contend on appeal that the government failed to sustain its burden of proof with respect to these categories. We disagree. Although affidavits would have been preferable, the government stated in writing to the court that it had no such information and we have no reason to question this representation.

4. Category 9 is described by plaintiffs as follows:

    (9) Copies of IRM 9562 Tax Protestors; 9385 Entrapment; 9551 Sensitive Case; 9551.1 Purpose of Sensitive Case Reports; 9551.3 Examples of Sensitive Cases or Situations; 9342 Selection of Taxpayers; 9383.5 Electronical or mechanical eavesdropping.

Plaintiffs contend on appeal that this clearly describes portions of manuals of the IRS. The agency should re-examine any manuals it may have to ascertain whether the plaintiffs may have adequately identified any portions thereof. Should the agency determine some portions are identifiable it may still claim any applicable exemptions. *See Cox v. United States Department of Justice,* 576 F.2d 1302 (8th Cir. 1978).

requested in categories 1, 2, 3 and 5,[5] contending that all such information is exempt from disclosure under the FOIA, specifically by exemption 7(A)[6] and by exemption 3 in conjunction with 26 U.S.C. § 6103(e)(6).[7]

After reviewing the government's motion and supporting affidavits, the district court entered an order granting the motion for summary judgment, ruling that all the disputed records are exempt from disclosure. Specifically, the court concluded

(1) that all of the documents and records at issue are exempt from disclosure under 5 U.S.C. § 552(b)(7)(A) in that these records represent investigatory records compiled for law enforcement purposes and that production thereof of any of the documents and records at this time would result in an interference with a law enforcement proceeding; and

(2) that all of the documents and records at issue are exempt from disclosure under 5 U.S.C. § 552(b)(3), which incorporates Section 6103(e)(6) of the Internal Revenue Code of 1954, as amended, in that production at this time of the documents covered by plaintiffs' Freedom of Information Act request would seriously impair Federal tax administration.

■ The Barneys timely appealed from this order and from a subsequent order reinstating the summary judgment.[8]

On appeal the Barneys raise numerous objections but only one warrants any extended discussion. Plaintiffs object to the procedures utilized by the district court in making the determination that all the withheld documents fall within exemptions 7(A) and 3 of the FOIA. The government affi-

---

**5.** These categories, for which the IRS claims exemption under the FOIA, are defined by plaintiffs as follows:

(1) Copies of all information concerning us that the IRS has compiled on us since January 1, 1977 to the present time.

(2) Copies of all transcripts, tape recordings and IRS employee notes, memos, etc. made at or near IRS office in Rapid City and all inter-office memos concerning us, Jan. 1, 1977 to present time.

(3) Copies of all memos submitted by Special Agent Charles A. Smith concerning us and statements made by him to 3rd parties regarding us, 1975 to present time.

\* \* \* \* \* \*

(5) Copy of Memorandum of Surveillance of a peaceful meeting at Holiday Inn, Rapid City, S.D., on the evening of January 13, 1977; when some IRS agents nearly ran over a lady in the parking lot as they were making their get-away after being discovered taking down license numbers.

**6.** 5 U.S.C. § 552(b)(7)(A) exempts from disclosure investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings \* \* \*.

**7.** 5 U.S.C. § 552(b)(3) exempts records that are specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld \* \* \*.

26 U.S.C. § 6103(e)(6) provides that "return information" may be disclosed to the taxpayer only "if the Secretary determines that such disclosure would not seriously impair Federal tax administration."

As defined in 26 U.S.C. § 6103(b)(2), the term "return information" includes

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense \* \* \*.

**8.** The district court granted the government's motion for summary judgment only one day after it was filed. The Barneys correctly argue on appeal that it was error for the court to grant the motion without providing plaintiffs an opportunity to respond as required by Fed. R.Civ.P. 56(c). Nevertheless, any defect was substantially cured since, upon plaintiffs' motion for reconsideration, the district court permitted plaintiffs to respond to defendants' motion, reconsidered the decision in light of the additional materials submitted, yet reached the same conclusion that summary judgment was warranted and reinstated the judgment.

davits describe the withheld documents in fairly general terms.[9] Nevertheless, the district court found the affidavits adequate to permit the determination that all disputed documents are exempt from disclosure. Plaintiffs contend that the district court could not make a proper *de novo* determination without *in camera* inspection of the documents or requiring the government to submit a detailed index, itemizing the documents withheld and specifying the applicable exemptions.

■ 5 U.S.C. § 552(a)(4)(B) provides that upon complaint, the district court is to make a *de novo* determination of whether records were properly withheld under any of the FOIA exemption provisions. The burden is on the agency to sustain its action. *Id.* In making its determination, the district court "*may* examine the contents of such agency records in camera." *Id.* (emphasis added). It is clear that *in camera* inspection is not mandated by the Act, but lies within the discretion of the district court. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2317, 57 L.Ed.2d 159 (1978).

We have previously indicated that the role of *in camera* inspection should be limited as it is "contrary to the traditional judicial role of deciding issues in an adversarial context upon evidence openly produced in court." *Cox v. United States Department of Justice*, 576 F.2d 1302, 1311 (8th Cir. 1978).

> A court's primary role * * * is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position * * *. If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

*Id.* at 1312.

Plaintiffs' contention that the government is required to submit a detailed index of the withheld documents derives from opinions of the D.C. Circuit. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), the D.C. Circuit established that "an agency's response to a FOIA request must include an index of all material withheld in whole or in part." *Founding Church of Scientology, Inc. v. Bell*, 603 F.2d 945, 947 (D.C.Cir.1979). The index "must adequately describe each withheld document or deletion from a released document," and "must state the exemption claimed for each * * * and explain why the exemption is relevant." *Id.* at 949. This indexing procedure is perceived as necessary to permit the district court and the requesting party to evaluate the agency's decision to withhold records and to ensure its compliance with the mandates of the FOIA. *Id.* at 947.

■ While we acknowledge that in some cases a *Vaughn* index or *in camera* inspection may be necessary to permit a proper *de novo* determination of exemption, this is not such a case. To sustain its burden of showing documents were properly withheld under exemption 7(A) the government had to establish only that they were investigato-

---

9. By affidavit of Special Agent Charles Smith the government summarizes the withheld documents as follows:

(1) memoranda of interviews with third parties, (2) records and information received from third parties relative to financial transactions with or otherwise involving the Barneys, (3) special agent's workpapers consisting of among other things notes and other documents analyzing evidence and information developed and received during the investigation, (4) sworn statements of third par-

ties, (5) correspondence from third parties to the Service responding to requests for documents or information made by the Service, (6) internal memoranda which reflect the scope and direction of the investigation and reveal the strengths and weakness of of the Government's case, such as memoranda to the file, (7) summonses and other documentary requests made to third parties, and (8) correspondence from the Internal Revenue Service to the Department of Justice.

ry records compiled for law enforcement purposes and that production would interfere with pending enforcement proceedings. The affidavits of Special Agent Charles Smith and Patrick Sweetman, Acting District Director, Aberdeen District IRS, establish that the Barneys are currently under investigation by the IRS and may be subject to criminal prosecution.[10] The Smith affidavit describes the withheld documents in sufficient detail to permit the determination that they were compiled in the course of this investigation and for law enforcement purposes.[11] Moreover, this is apparent by the very nature of plaintiffs' request. In effect, they request disclosure of all investigatory records compiled on them by the IRS.[12]

▇ The affidavits of Smith and Sweetman also adequately demonstrate that release of the documents would "interfere with enforcement proceedings" within the meaning of exemption 7(A).[13] Under exemption 7(A) the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding. *NLRB v. Robbins Tire & Rubber Co., supra,* 437 U.S. at 234–35, 98 S.Ct. at 2323. Rather, federal courts may make generic determinations that, "with respect to particular kinds of enforcement proceedings, disclo-

sure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.'" *Id.* at 236, 98 S.Ct. at 2324. This is clearly the kind of case where such a generic determination is appropriate.

One of the the primary purposes of exemption 7 was "to prevent 'harm [to] the Government's case in court' * * * by not allowing litigants 'earlier or greater access' to agency investigatory files than they would otherwise have * * *." *Id.* at 224–25, 98 S.Ct. at 2318. We consider that disclosure of such records as witness statements, documentary evidence, agent's work papers and internal agency memoranda, prior to the institution of civil or criminal tax enforcement proceedings, would necessarily interfere with such proceedings by prematurely revealing the government's case. *See Stephenson v. IRS,* 79–2 U.S.T.C. 9513, 44 AFTR2d 79–5282 (D.Ga.1979). "FOIA was *not* intended to function as a private discovery tool * * *." *NLRB v. Robbins Tire & Rubber Co., supra,* 437 U.S. at 242, 98 S.Ct. at 2327. If and when enforcement proceedings are instituted the Barneys will be able to obtain access to such of this information as is discoverable through the normal pre-trial discovery channels. Moreover, once enforcement proceedings are either concluded or abandoned,

---

**10.** Smith's affidavit states in relevant part that the IRS is investigating the Barneys to determine the existence and amount of any civil tax liability for 1975 and any criminal liability due to their failure to file returns for that year.

Sweetman's affidavit states that the Criminal Investigation Division of the Aberdeen District IRS has completed its investigation of the Barneys and referred the case to the St. Paul District Counsel of the IRS with a recommendation for criminal prosecution. If that office concurs, the case will then be referred to the Department of Justice for prosecution.

**11.** *See* note 9 *supra.*

**12.** *See* note 5 *supra.*

**13.** Smith stated that release of the documents would interfere with the investigation of the Barneys and with any potential criminal prosecution

by revealing the evidence against the Barneys, the analysis of and the reliance placed

by the Government should the Barneys ultimately be indicted, the transactions being investigated, the direction of the investigation, and the scope and limits of the Government's investigation. To reveal the identity of third parties and potential witnesses during the course of my investigation could subject these third parties and potential witnesses to harassment. Access to potential evidence could allow plaintiff to construct defenses and tamper with the evidence.
Sweetman stated that disclosure could seriously impair the criminal law enforcement proceeding against the plaintiffs by prematurely revealing the substance of the investigation to the subjects * * * [,] could aid plaintiffs in constructing defenses, tampering with potential evidence or otherwise frustrating the enforcement proceedings * * * [and, thus,] could seriously impair Federal tax administration.

exemption 7(A) will no longer apply to prevent disclosure, *id.* at 235, 98 S.Ct. at 2323, and the Barneys may seek release of the records under the FOIA at that time.

■ In sum, the government in this case "fairly describe[d] the content of the material withheld and adequately state[d] its grounds for nondisclosure, and * * * those grounds are reasonable and consistent with the applicable law." *Cox v. United States Department of Justice, supra,* 576 F.2d at 1312. Since plaintiffs offered no substantial reason to call into question to good faith of the agency,[14] the district court was entitled to rely on the credibility of the affidavits. *Id.* Accordingly, the district court properly upheld the agency's determination of exemption without *in camera* inspection of the documents and without requiring the government to prepare a detailed index. We reiterate that in another case involving different exemption provisions a more comprehensive showing on the part of the government may be required.[15]

■ The remaining allegations of error require only cursory discussion. Plaintiffs complain that the district court failed to rule on several of their motions. However, these were all effectively disposed of by the grant of summary judgment. Plaintiffs apparently contend the government should be required to itemize the documents it intends to disclose to plaintiffs. Since plaintiffs will be able to examine the documents themselves, this claim is frivolous and their motion for itemization was property denied by the district court. Plaintiffs also contend the government should be required to disclose the names and titles of the persons responsible for withholding the documents. The government responds that the names and titles of the responsible persons were identified in the letters from the IRS denying plaintiffs' request, which letters plaintiffs attached as exhibits to their complaint. Since the government so identified the responsible persons, the court properly denied plaintiffs' motion for disclosure. Finally, plaintiffs attack the constitutionality of the income tax as applied to individuals and claim the IRS is therefore without authority to investigate them. This claim is frivolous. Attacks on the constitutionality of the income tax have been repeatedly rejected by this court. *See Reading v. Commissioner,* 614 F.2d 159 (8th Cir. 1980).

Affirmed in all respects except that this cause is remanded with direction that further agency action be taken with respect to category 9 discussed in note 4 of this opinion.

---

14. Plaintiffs' allegations with respect to the Smith affidavit, even if true, are insufficient to call into question the good faith of the agency.

15. Since we have concluded that the district court property determined that exemption 7(A) applies to the documents withheld in this case, it is unnecessary that we reach the court's alternative theory that exemption 3, in conjunction with 26 U.S.C. § 6103(e)(6), also applies. We note, however, that in *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979), the Fifth Circuit, in a very thorough analysis of the question, held that section 6103(e)(6) constitutes a special statutory exemption within the meaning of exemption 3. That court further concluded that documents similar to those withheld by the government in this case constitute "return information" within the meaning of 26 U.S.C. § 6103(b)(2). We are inclined to agree with this analysis. We again suggest that by the very nature of plaintiffs' request in this case it is apparent the information they seek constitutes "return information." *See* notes 5 and 7, *supra.* Therefore, the district court could properly determine exemption 3 applies without requiring a more detailed description of the withheld documents from the government.