**Paul KUEHNERT, Appellant,**

v.

**FBI, William Webster, Director, FBI, Roy Klager, Special Agent in Charge of St. Louis Field Office, FBI, U.S. Department of Justice, and Griffin Bell, Attorney General of the United States, Appellees.**

No. 79–1581.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1980.

Decided April 29, 1980.

Rehearing and Rehearing En Banc Denied May 21, 1980.

Toby H. Hollander, Hollander & Vaughan, St. Louis, Mo., for appellant.

Susan M. Sleater, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C., for appellees; Alice Daniel, Acting Asst. Atty. Gen., Leonard Schaitman, Atty., Washington, D. C., and Robert Kingsland, U. S. Atty., St. Louis, Mo., on the brief.

Before LAY, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Paul L. Kuehnert appeals from the district court judgment dismissing his complaint brought under the Freedom of Information Act (FOIA or the Act), 5 U.S.C. § 552 (1976). Kuehnert's complaint sought disclosure by the Federal Bureau of Investigation (FBI) of one document withheld in its entirety and portions deleted from twelve other, released documents all concerning Kuehnert's activities and associations.[1] After reviewing an affidavit and attachments submitted by the FBI, the district court granted the Government's motion for summary judgment. The court held that FOIA exemptions 7(C) and 7(D), 5 U.S.C. § 552(b)(7)(C) and (b)(7)(D) (1976), authorized the nondisclosure of all material withheld or deleted by the FBI.

On appeal Kuehnert claims that the Government failed to carry its burden of proving that the material withheld from him was exempt from disclosure under the Act. In the alternative, Kuehnert argues that the district court erred in failing to require a detailed index or *in camera* examination of the challenged material. For the reasons set forth below, we affirm the district court judgment with respect to all but one page withheld from a document released to Kuehnert. We remand the case to the district court for reconsideration of whether the Act wholly exempts that page from disclosure.

I. *Background.*

On April 19, 1977, Kuehnert requested FBI headquarters to provide him with "any and all information your agency has collected on me, my activities and associations," pursuant to the Act. After further correspondence between Kuehnert and FBI headquarters and field offices in Chicago and St. Louis, the FBI located thirteen documents falling within Kuehnert's request. The FBI released twelve documents with deletions and withheld one document in its

entirety. Kuehnert appealed the nondisclosure of items within his request to the Deputy Attorney General, who upheld the FBI's action following its release of some additional information. Kuehnert thereafter commenced this action under 5 U.S.C. § 552(a)(4)(B) (1976), seeking the disclosure of all items withheld from him.

The documents released to Kuehnert disclose that the FBI investigated Kuehnert in 1973 to determine the extent and nature of his association with an organization known as the Revolutionary Union. The investigation began after Kuehnert's name was found in the address book of an activist in that organization. The FBI obtained Kuehnert's police record, which disclosed two prior arrests but no convictions for "protest" activities, and interviewed him to see if he knew of any plans for violence. Thereafter, the FBI terminated its investigation. Documents released by the FBI also reveal that Kuehnert's name appeared on a list of "key contacts" maintained by the St. Louis Peace Information Center, as well as a mailing list of the American Friends Service Committee. The FBI deleted from its disclosures all other names on these lists.

Kuehnert filed a motion in district court that would require the FBI to provide a detailed justification, itemization, and indexing of the matters deleted or withheld. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The Government resisted this motion and filed for summary judgment. The Government attached to its motion an affidavit [2] describing the documents released to Kuehnert, the nature of the portions excised, the statutory source of the exemptions claimed, the reasons the exemptions were claimed, and the standards used in applying the exemptions to deleted portions of documents. Appended to the affidavit was an index describing each document, noting its length in the original and as released, characterizing

---

**1.** The FBI compiled an index of documents covered by Kuehnert's FOIA request. *See* text *infra.* That index lists fourteen documents. Document 2, however, is a duplicate of Docu-

ment 4. In discussing specific documents we refer to them as numbered in the FBI index.

**2.** The Government submitted the affidavit of FBI Special Agent John H. Hawkes.

deleted portions, and specifying the statutory exemptions claimed for each. The index also cross-referenced sections of the affidavit explaining the application of particular exemptions. Kuehnert responded by moving for partial summary judgment or, in the alternative, for an *in camera* inspection of withheld information. The district court granted the Government's motion for summary judgment, denied Kuehnert's motions as moot, and dismissed his complaint.

According to the Government's affidavit, the information withheld from Kuehnert falls primarily into four categories. First, the FBI deleted all references to and information supplied by confidential sources which, if revealed, would disclose the sources, pursuant to FOIA exemption 7(D).[3] Second, the Government withheld the names of FBI special agents and other law enforcement officers and their agencies pursuant to FOIA exemptions 7(C)[4] and 7(D). Third, the FBI withheld the names of and information relating to third parties pursuant to exemption 7(C).[5] Fourth, the FBI withheld file numbers relating to third parties and "information for investigative lead purposes" pursuant to FOIA exemption 2.[6]

## II. Analysis.

The Act provides that, upon complaint, the district court is to determine *de novo* whether records were properly withheld under the Act's exemptions. 5 U.S.C. § 552(a)(4)(B) (1976). In making its determination, the district court "may examine the contents of such agency records in camera." *Id.* We review the record in this case mindful that disclosure, not secrecy, is the dominant objective of the Act, and that the Act's nine exemptions from compelled disclosure are to be narrowly construed. *E. g., Department of the Air Force v. Rose*, 425 U.S. 352, 360–62, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976). Further, the Government bears the burden of proving that material withheld from disclosure falls under one or more of the Act's exemptions. 5 U.S.C. § 552(a)(4)(B) (1976); *Vaughn v. Rosen, supra*, 484 F.2d at 823.

In this case, after examining the affidavit of Special Agent Hawkes, the attached index, and the records released to Kuehnert, the district court determined that the FBI had properly withheld all undisclosed items under exemptions 7(C) and 7(D).[7] Kuehnert argues on appeal that exemption 7 may not be applied to shield the

---

**3.** FOIA exemption 7(D), 5 U.S.C. § 552(b)(7)(D) (1976), provides:

> (b) This section does not apply to matters that are—
>     \*    \*    \*    \*    \*    \*
>   (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would \* \* \* (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source \* \* \*.

In the present case the FBI withheld confidential source information pursuant to the first clause of exemption 7(D) exclusively.

**4.** FOIA exemption 7(C), 5 U.S.C. § 552(b)(7)(C) (1976), provides:

> (b) This section does not apply to matters that are—
>     \*    \*    \*    \*    \*    \*
>   (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would

\* \* \* (C) constitute an unwarranted invasion of personal privacy \* \* \*.

**5.** These third parties were either interviewed by the FBI or asserted to be "of investigative interest" to the FBI. Special Agent Hawkes explained in his affidavit that the FBI routinely conducts background checks and gathers information concerning persons it interviews in the course of an investigation. The FBI withheld all such information.

**6.** FOIA exemption 2, 5 U.S.C. § 552(b)(2) (1976), provides:

> (b) This section does not apply to matters that are—
>     \*    \*    \*    \*    \*    \*
>   (2) related solely to the internal personnel rules and practices of an agency \* \* \*.

**7.** We agree with the Government that the FBI properly withheld the file numbers of third parties under exemption 7(C) in conjunction with exemption 2. The district court upheld the file number deletions under exemption 7(C) alone.

information withheld from disclosure, because the documents in issue fail the threshold requirement that they constitute "investigatory records compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7) (1976). Kuehnert contends that the documents reflect no law enforcement purpose, but rather derive from illegal domestic surveillance.

Several of the documents indicate on their face an investigatory character and a valid law enforcement purpose. For example, Document 1 is a memorandum of an FBI interview with Kuehnert in which agents inquired whether Kuehnert knew of any "plans for violence" on the part of the Revolutionary Union.[8] From other documents, however, we are unable to infer "a colorable claim of a rational nexus between the organizations and activities being investigated and violations of federal laws." *Irons v. Bell*, 596 F.2d 468, 472 (1st Cir. 1979). For example, Document 11, from which sixty-eight pages have been deleted, apparently consists of a "master card" index of the American Friends Service Committee obtained by the FBI from an informer. The FBI describes the deleted pages as consisting of "names and information pertaining to individuals of investigative interest other than [Kuehnert]." In explaining this blanket description, the Government's affidavit alleges that

> during the course of FBI investigations, information is developed and recorded concerning individuals who are not the subject or focal point of the investigation. These individuals are potential witnesses,

or sources of information to the subject matter under investigation. The identities and identifying data concerning these persons, as described in this paragraph[,] have been withheld pursuant to subsection (b)(7)(C) since to release same would reveal to the public that these persons were connected with or [the] subject of an FBI investigation.

While these allegations suggest a valid privacy interest against disclosure, we fail to discern any threshold connection between the organization and activities being investigated and violations of federal law.

We must therefore determine whether a showing of the law enforcement purpose of a particular investigation is a precondition to the FBI's invocation of exemption 7. After careful consideration, we conclude that it is not. The First Circuit has explicitly held that, assuming other conditions are met, exemption 7 extends to all investigative files of a criminal law enforcement agency. *Irons v. Bell, supra*, 596 F.2d at 474. In that case, after thoroughly reviewing the framework of exemption 7 and its legislative history, the court concluded that exemption 7's requirement of law enforcement purposes "is as much a description of the type of agency the exemption is aimed at as it is a condition on the use of the exemption by agencies [unlike the FBI] having administrative as well as civil enforcement duties." *Id.*[9] *Cf. NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) (relying on legislative history to explicate the function of FOIA exemption 7(A)). We agree. Be-

---

**8.** The memorandum indicates that Kuehnert "advised he did not know of any plans for violence" by the Revolutionary Union.

Documents 3, 4, and 7 likewise refer to an investigation of Kuehnert and his connection with the Revolutionary Union. Document 7 concludes that "[b]ased on information developed, there is no statutory basis for continued investigation in this matter."

**9.** The court in *Irons* noted three policy reasons for adopting its broad construction of the "law enforcement purposes" requirement of exemption 7. First, the court observed that if the unjustified nature of an FBI investigation made exemption 7 inapplicable, material constituting an unwarranted invasion of personal privacy

would be subject to disclosure, with resultant harm to innocent individuals. *Id.* at 474. Second, "the loss of Exemption 7 due to unwarranted FBI activity would cost the society the cooperation of those who give the FBI information under an express assurance of confidentiality," without any concomitant benefit. *Id.* Third, interpreting the statute to require a showing of bona fide law enforcement purposes would force on district courts the unmanageable burden of "second or third guess[ing] the judgment of a Special Agent in Charge that an investigation was warranted." *Id.* We find all these concerns pertinent and compelling here.

cause the documents here in issue comprise investigatory records of a criminal law enforcement agency, we hold that they meet exemption 7's threshold requirement of having been "compiled for law enforcement purposes."

■ Kuehnert contends that, even if the records meet exemption 7's "law enforcement purposes" requirement, the FBI improperly withheld material under the specific provisions of exemptions 7(C) and 7(D). We disagree. The FBI deleted the names of, and information concerning, third parties mentioned in the records under exemption 7(C). In all but two instances these individuals were asserted to be "of investigative interest" to the FBI.[10] Given the unwarranted invasion of personal privacy that would accompany disclosure of the identity of these individuals, we hold that the FBI properly withheld this information. *See, e. g., Librach v. FBI*, 587 F.2d 372, 373 (8th Cir. 1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1222, 59 L.Ed.2d 459 (1979); *Maroscia v. Levi*, 569 F.2d 1000, 1002 (7th Cir. 1977).

The FBI invoked exemption 7(D) to protect references to, and information disclosed by, thirteen sources. The Hawkes affidavit asserts that these sources provided information under express or implied assurances of confidentiality, and that in all cases the FBI withheld information which "would identify the source."[11] Here the Government has fairly described the content of the material withheld and adequately stated its grounds for nondisclosure. Those grounds are reasonable and consistent with the first clause of exemption 7(D), authorizing nondisclo-

sure of information that would "disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D) (1976). We therefore uphold the Government's withholding of this information. *Cox v. United States Department of Justice*, 576 F.2d 1302, 1312 (8th Cir. 1978).

■ Kuehnert also contends that the FBI improperly withheld one page of a document described as containing "information for investigative lead purposes for [Kuehnert] and a named third party individual of investigative interest."[12] Insofar as the information withheld concerned Kuehnert, the FBI claimed exemption 2 in refusing disclosure. Exemption 2, however, authorizes nondisclosure only of " 'housekeeping' matters in which 'the public could not reasonably be expected to have an interest.' " *Cox v. United States Department of Justice, supra*, 576 F.2d at 1309–10, *quoting Department of the Air Force v. Rose, supra*, 425 U.S. at 369–70, 96 S.Ct. at 1603. We doubt that the information described concerning Kuehnert falls within exemption 2. In addition, we note that those district courts which have considered whether "investigative lead materials" concerning an FOIA plaintiff fall within exemption 2 have rejected the FBI's claim that they do. *Katz v. Department of Justice*, 76 Civ. 5813 (S.D. N.Y. Aug. 21, 1979); *Ferguson v. Kelley*, 448 F.Supp. 919, 922 (N.D.Ill.1977), *on motion for reconsideration*, 455 F.Supp. 324 (N.D.Ill.1978). We therefore remand the case for an *in camera* inspection of the document in issue to determine whether the Government properly invoked exemption 2 to withhold its third page.[13]

10. In one case the FBI withheld the name of, and information concerning, an individual who was the "subject" of the document; in another case the FBI withheld the record of an interview with a third party concerning his knowledge of an organization.

11. The FBI twice deleted the names of local law enforcement officers who supplied information to it, once under exemption 7(C) and once under exemption 7(D). Although Kuehnert concedes the propriety of this action, he argues that the FBI should have supplied the names of the agencies for which these officers worked. We believe that, on the contrary, these exemptions justify withholding information that

would identify officers who provide intelligence to the FBI. *See also Church of Scientology v. U. S. Dept. of Justice*, 612 F.2d 417 (9th Cir. 1979).

12. This description refers to the third page of Document 1.

13. The district court ·correctly held that that part of the document which contains information concerning a third party of investigative interest is exempt from disclosure under exemption 7(C). To obviate holding an *in camera* inspection, the FBI may submit another affidavit describing the information withheld con-

Finally, Kuehnert argues that the district court erred in failing to require a detailed index of documents with justification for nondisclosure, and in refusing to make an *in camera* inspection of material withheld.[14] With the exception of the information concerning Kuehnert in Document 1, we disagree. Here the FBI submitted an affidavit and index with justifications for nondisclosure sufficiently detailed to determine the nature of material withheld and the applicability of FOIA exemptions. Under the circumstances, the district court did not err in failing to order a more detailed index or an *in camera* inspection of material withheld. *See Barney v. IRS*, 618 F.2d 1268 at 1271–1274, No. 79–1488, (8th Cir. 1980); *Cox v. United States Department of Justice, supra,* 576 F.2d at 1312.

Accordingly, we remand the case for the limited purpose set forth above. In all other respects we affirm the district court judgment.

---

cerning Kuehnert and the grounds for nondisclosure, if such grounds exist.

**14.** Kuehnert also contends that an affidavit submitted by his father raised material issues of fact precluding the district court's grant of summary judgment. We have carefully re-

viewed the record and find this contention to be without merit.