E. Bradley DAVIS and Shokouh Rezaie Davis, Appellants,

v.

CENTRAL INTELLIGENCE AGENCY, William J. Casey, Director; Federal Bureau of Investigation, William H. Webster, Director; United States Department of Justice, and William French Smith, Attorney General, Appellees.

No. 82–2028.

United States Court of Appeals, Eighth Circuit.

Submitted July 5, 1983.

Decided July 12, 1983.

---

E. Bradley Davis, pro se.

James M. Rosenbaum, U.S. Atty., Robert M. Small, Asst. U.S. Atty., Dist. of Minn., Minneapolis, Minn., for appellees.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

E. Bradley Davis and Shokouh R. Davis initiated this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, seeking to obtain any records relating to themselves. The district court[1] granted summary judgment for the defendant agencies and the Davises appealed.

Appellant E. Bradley Davis lived and worked as a photo journalist in Tehran, Iran, from 1971 to 1979. In December 1980, after he and his wife returned to the United States, appellant submitted FOIA/PA requests to the FBI and CIA. He sought information and documents concerning himself which reflect communications from the FBI and CIA to the Iranian Secret Police (SAVAK) or any other Iranian government agency during the period 1972 to 1979 or from SAVAK to the FBI or CIA; any communication between the FBI, CIA and any agency of the United States concerning the plaintiffs from 1977 to date; and any communications between the FBI, CIA and any private person within the United States concerning the plaintiffs.

1. The Honorable Donald D. Alsop, United States District Court for the District of Minnesota.

The CIA informed appellants that a search of agency files revealed no responsive records. The FBI also informed appellants that its search produced no responsive records. The FBI did, however, locate documents identifiable with SAVAK. Though alleging that these documents did not pertain to appellants in any way, the FBI processed 56 pages for release to appellants. After reviewing the 56 pages, the FBI determined that 38 of them were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(1), (b)(2), (b)(7)(C), and (b)(7)(D).[2] Eighteen pages of the SAVAK material were released to appellants with deletions. An additional four pages of the SAVAK material was later released after appellants pursued an administrative appeal to the Department of Justice.

John Bacon, CIA Information and Privacy Coordinator, and Daniel Toole, FBI Special Agent, both submitted sworn affidavits detailing the searches undertaken by their respective agencies. Both gentlemen maintain that no responsive documents exist. John Bacon's affidavit outlines the correspondence between the appellants and the CIA and lists all the CIA data components which might reasonably be expected to contain documents referring to appellants. Daniel Toole submitted a 12-page affidavit explaining the FBI records systems and the details of the document searches.

■ To prevail on an FOIA motion for summary judgment, "the defending agency must prove that each document that falls within the class requested either has been produced, is *unidentifiable,* or is wholly exempt from the Act's inspection requirements." *National Cable Ass'n, Inc. v. FCC,* 479 F.2d 183, 186 (D.C.Cir.1973) (emphasis supplied). The trial judge may rely on affidavits to determine whether an agency has met this burden of proof. "Congress has instructed the courts to accord 'substantial weight' to agency affidavits in national security cases, and these affidavits are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that the identified documents are exempt." *Goland v. CIA,* 607 F.2d 339, 350 n. 64 (D.C.Cir.1978). The court instructed in *Goland,* that the agency's affidavits must be "relatively detailed" and nonconclusory and must be submitted in good faith. If these requirements are met, the district court has discretion to forego discovery and award summary judgment on the basis of affidavits. *Id.*

The facts of this case are somewhat unique, in that we have on one hand, affidavits which are legally sufficient to establish that the searches produced *no* information pertaining to the appellant. On the other hand, we have a letter dated October 14, 1981, from Richard L. Huff, Acting Director, Office of Privacy and Information Appeals, Department of Justice, to appellant, which states in pertinent part:

Most of the withheld material *pertaining to your clients* is classified and I am affirming the denial of access to it on the basis of 5 U.S.C. 552(b)(1). This material is being referred to the Department Review Committee for review and determination whether it warrants continued classification under Executive Order 12065. You will be notified if the Committee's final decision results in the declassification of any information. Other materials were properly withheld pursuant to 5 U.S.C. 552(b)(7)(C) and (7)(D). These provisions pertain to investigatory records compiled for law enforcement purposes, the release of which would respectively, constitute an unwarranted invasion of the personal privacy of third parties, in some instances by revealing an investigative interest in them on the part of the F.B.I., and disclose the identities of confidential sources. Names of Bureau

2. Section 552(b)(1) exempts information kept secret in the interest of national security.

(b)(2) exempts information related solely to the internal personnel rules and practices of an agency.

(b)(7)(C) exempts investigatory records compiled for law enforcement purposes that would constitute an unwarranted invasion of personal privacy.

(b)(7)(D) exempts materials that would disclose the identity of a confidential source.

agents were also excised on the basis of 5 U.S.C. 552(b)(7)(C). None of the information being withheld is appropriate for discretionary release. (Emphasis added.) Taken at face value, this letter seems to contradict the agencies' claims that no responsive documents exist. On appeal, the agencies insist that there are no such documents and that "Mr. Huff merely chose the wrong words when writing the October 14, 1981 letter."

The district court granted summary judgment for the defendants on the basis of the two affidavits. However, the court made no mention of the October 14 letter in its Memorandum and Order, thereby leaving an unresolved question of fact.

5 U.S.C. § 552(a)(4)(B) provides that upon complaint, the district court is to make a *de novo* determination of whether records were properly withheld under any of the FOIA exemption provisions. The government agency bears the burden of sustaining its action. *Id.* In making its determination, the district court may examine the contents of such agency records *in camera. Id.* It is clear that *in camera* inspection lies within the district court's discretion. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2328, 57 L.Ed.2d 159 (1978); *Barney v. IRS*, 618 F.2d 1268, 1272 (8th Cir.1980). Disclosure, not secrecy, is the dominant objective of the Act, and the Act's nine exemptions from compelled disclosure are to be narrowly construed. *Kuehnert v. FBI*, 620 F.2d 662, 665 (8th Cir.1980).

In the instant case, the letter in and of itself is clearly inadequate. There is not much more than a recitation of statutory standards. This court set out guidelines by which to judge an affidavit in *Barney, supra:*

> In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir.1973), *cert. denied*, 415 U.S. 977 [94 S.Ct. 1564, 39 L.Ed.2d 873] (1974), the D.C. Circuit established that "an agency's response to an FOIA request must include an index of all material withheld in whole or in part." *Founding Church of Scientology, Inc. v. Bell*, 603 F.2d 945, 947

(D.C.Cir.1979). The index "must adequately describe each withheld document or deletion from a released document," and "must state the exemption claimed for each * * * and explain why the exemption is relevant." *Id.* at 949. This indexing procedure is perceived as necessary to permit the district court and the requesting party to evaluate the agency's decision to withhold records and to ensure its compliance with the mandates of the FOIA. *Id.* at 947.

*Barney v. IRS*, 618 F.2d at 1272. Appellant's counsel requested a *Vaughn* index of the SAVAK material in a letter to the Department of Justice dated November 17, 1981, and his request was denied. Because the district court did not comment on the discrepancy between the legally sufficient affidavits and the October 14 letter, we are left with no insight into the court's reasons for declining to make further inquiry into the matter. Therefore, we remand this cause to the district court for a factual determination of whether or not any data exists regarding these appellants. The court may wish to order the agencies to submit new affidavits explaining the inconsistency between the letter and the original affidavits. The result of this factual determination shall be certified to this court for further review.