**PRUITT ELECTRIC COMPANY,**
Plaintiff,

v.

**UNITED STATES DEPARTMENT OF LABOR, et al., Defendants.**

Civ. A. No. CA 3–81–0970–G.

.United States District Court,
N.D. Texas,
Dallas Division.

June 13, 1984.

John V. Jansonius, Hershell L. Barnes, Jr., Kathryn C. Mallory, Haynes & Boone, Dallas, Tex., for plaintiff.

John Mitchell Nevins, Asst. U.S. Atty., Dallas, Tex., Sofia P. Petters, Patricia Duryee, U.S. Dept. of Labor, Washington, D.C., for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

### Factual Backround

Sometime prior to November 21, 1980, the Wage and Hour Division of the United States Department of Labor ("the Department") conducted an investigation of work performed by Pruitt Electric Company ("Pruitt") as an electrical subcontractor on the Fashion Distribution Center at the Army-Air Force Exchange ("the Exchange") in Dallas, Texas. As a result of the investigation, the Department charged Pruitt with misclassifying several employees and failing to pay proper overtime rates. A back wage liability of $21,452.14 was assessed against Pruitt under the Davis-Bacon Act, 40 U.S.C. § 276a, *et seq.*, in addition to $325.81 under the Contract Work Hours and Safety Standards Act for failure to pay proper overtime wages and $120 in liquidated damages as a result of the overtime violations.

On November 21, 1980, the Department directed the contracting officer for the Exchange to withhold monies, otherwise payable to Pruitt's prime contractor, in the amount of Pruitt's total liability. On January 2, 1981, pursuant to 29 C.F.R. § 5.11(b), Pruitt requested an administrative hearing on the Department's withholding of the assessments against Pruitt. The matter was then referred to an administrative law judge for hearing, though a hearing has not yet been held.

After the matter was set for hearing, Pruitt sought certain documents relating to the hearing under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Pruitt's request for these documents was denied by the Department's assistant regional adminstator on the basis of exemption 7(A) of the FOIA. Pruitt appealed this decision to the Solicitor of Labor, but its appeal was denied, also on the basis of exemption 7(A) of the FOIA.

Pruitt then filed suit in this court seeking to compel disclosure of the documents. The Department subsequently filed its motion to dismiss or, in the alternative, for summary judgment, which is now before the court and which asserts that the documents in question are exempt from disclosure under FOIA exemptions 7(A), 7(C), 7(D) or 5. After Pruitt responded to the motion, this court ordered the documents in question submitted for *in camera* review. The documents submitted by the Department for *in camera* review fall into three categories:

(1) Employee Interview Statements and Questionnaires;

(2) Intra-Agency Memoranda Prepared by the Wage-Hour Investigator and Other Intra and Inter-Agency Correspondence Generated Within the Wage and Hour Division; and

(3) Reference Material Consulted by Wage-Hour Investigator.

The FOIA generally requires that an agency make available to any person, upon request, any records it possesses. This broad right of access and disclosure is, however, subject to nine exemptions set out in subsection (b) of the FOIA, 5 U.S.C.

§ 552(b) (1976). This case primarily concerns exemption 7(A).[1]

### Witness Statements and Agency Memoranda

■ The Department has the burden of showing that the documents in question were properly withheld under some exemption. *Stephenson v. Internal Revenue Service,* 629 F.2d 1140, 1144 (5th Cir.1980). The Department satisfies this burden as to exemption 7(A) if it establishes that (1) the documents were investigatory records compiled for law enforcement purposes and (2) production of the documents would interfere with pending enforcement proceedings. *Barney v. I.R.S.,* 618 F.2d 1268, 1272–73 (8th Cir.1980). The first two categories of documents in this case fall within the ambit of exemption 7(A).

In the seminal case of *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), the Supreme Court held that federal courts may make generic determinations that, with respect to certain kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally interfere with enforcement proceedings. *Id.,* at 236, 98 S.Ct. at 2323. The court also held that witnesses' statements given in the course of an investigation by a governmental agency fall within the protections of exemption 7(A). In the subsequent decision of *Barney,* the Eighth Circuit specifically applied the holding and rationale of *NLRB* to "documentary evidence, agent's work papers and internal agency memoranda...." 618 F.2d at 1273.

The Fourth Circuit has recently reached the same conclusion as the Eighth Circuit in *J.P. Stevens & Co., Inc. v. Perry,* 710 F.2d 136, 143 (1983). In *J.P. Stevens,* the court held that the following are exempt from disclosure under exemption 7(A): witnesses's statements; affidavits and interviews of charging parties, fellow employees and witnesses; correspondence with attorneys and charging parties; and internal

memoranda concerning the charge. The rationale for non-disclosure of these type of documents was as follows:

> Premature disclosure of these documents would (1) create a "chilling effect" on potential witnesses and dry up sources of information, particularly those of charging parties and their attorneys; (2) hamper the free flow of ideas between Commission employees and supervisors or with other governmental agencies; (3) hinder its ability to shape and control investigations; and (4) make more difficult the future investigation of charges and enforcement thereof.

*Id.*

The rationales and holdings of *NLRB, Barney* and *J.P. Stevens* are equally applicable to witnesses's statements and agency memoranda generated as a result of an investigation by the Wage-Hour Division of the Department. On the basis of these three cases, the court concludes that the first two categories of documents in this case are exempt from disclosure under exemption 7(A) of the FOIA.

### Reference Material

The third category of documents in dispute is "Reference Material Consulted by Wage-Hour Investigator." The Department maintains that this third category of documents is exempt from disclosure only under exemption 7(A). The Department concedes that the specific document in question is not, on its face, concerned with the merits of the Pruitt investigation, but maintains instead that "its release could provide valuable assistance to those seeking to escape detection or prosecution of their wrongful employment practices by furnishing them with insight into the investigator's theory of the case and the manner in which he is attempting to establish culpability."

■ The court has reviewed the document in question. While its disclosure may

---

**1.** The Department argued that the first two categories of documents were also exempt under exemptions 5, 7(C) and 7(D). Given the court's

holding that these two categories of documents fall within exemption 7(A), the court need not address the applicability of other exemptions.

somehow aid some unspecified target of a Department investigation in some unspecified manner, the likelihood that the aid would be of sufficient significance so as to *interfere in* any pending investigation is slight. The court concludes, then, that the Department has not satisfied its burden of establishing the document in question to be exempt from disclosure under exemption 7(A).

### *Individual Defendants*

█ Pruitt's complaint in this court seeks relief against Timothy Ryan, Solicitor of the Department of Labor, and A.A. Ramsey, Disclosure Officer for the Employment Standards Administration, Wage-Hour Division, in their individual capacity. The FOIA authorizes relief only against an agency and not against an individual. Pruitt does not dispute this proposition.

### *Conclusion*

The motion to dismiss the individual claims against defendants Ryan and Ramsey is **GRANTED.** The Department's motion for summary judgment is **GRANTED** as to the first two categories of documents sought by Pruitt. As to the third category of documents sought by Pruitt, the Department's motion for summary judgment is **DENIED.**

While the issue of whether the third category of documents is subject to disclosure under the FOIA is a question of law, and therefore a proper subject for a motion for summary judgment, and while the court has already stated its view that the third category documents should be disclosed under the FOIA, Pruitt has not moved for summary judgment on this issue and the court cannot, therefore, order the third category of documents disclosed. Therefore, Pruitt is **ORDERED** to move for summary judgment and submit a proposed order granting summary judgment on the issue of disclosure of the third category of documents within 10 days of the date of this order. Pruitt's failure to so move shall result in dismissal of this cause.