**Alan Jules WEBERMAN, Plaintiff-Appellant,**

v.

**NATIONAL SECURITY AGENCY, Defendant-Appellee.**

**No. 483, Docket 81–6163.**

United States Court of Appeals, Second Circuit.

Argued Dec. 7, 1981.

Decided Jan. 12, 1982.

terference. Under our view of the case it is unnecessary to pass upon the correctness of this ruling.

tion, Washington, D. C., Susan W. Shaffer, Washington, D. C., of counsel), for plaintiff-appellant.

John S. Martin, Jr., U. S. Atty., for the Southern District of New York, New York City (Stuart M. Bernstein, Peter C. Salerno, Asst. U. S. Attys., for the Southern District of New York, New York City, of counsel), for defendant-appellee.

Before LUMBARD, WATERMAN, and VAN GRAAFEILAND, Circuit Judges.

LUMBARD, Circuit Judge:

Investigation and speculation about the assassination of President Kennedy continues unabated. Lee Harvey Oswald shot the President on November 22, 1963. Oswald was killed the next day in Police Headquarters, Dallas, Texas, by Jack Ruby. Jack Ruby's brother Earl had, according to appellant Weberman, sent a telegram to Havana, Cuba, on April 1, 1962. Weberman alleged that the telegram had been intercepted by the National Security Agency (NSA) and sought disclosure of the telegram for a book he was writing on the Kennedy assassination, "Coup d'Etat". When his request was rebuffed, Weberman brought this suit in the Southern District on October 17, 1977, against the NSA under the Freedom of Information Act, 5 U.S.C. § 552(b). The NSA contended that whether the telegram was or was not intercepted is a matter of national security exempt from disclosure under the FOIA, § 552(b)(1) & (3). In support of its contention, the NSA submitted a top secret affidavit by Michie F. Tillie, assistant director for policy and liaison. Judge Brieant originally refused to consider the Tillie affidavit and granted summary judgment to Weberman, 490 F.Supp. 9 (S.D.N.Y.1980). After this court held such refusal an abuse of discretion, 646 F.2d 563 (2d Cir. 1980), Judge Brieant viewed the affidavit *in camera* and *ex parte*, and granted summary judgment to the NSA on June 5, 1981.

On this appeal, Weberman challenges Judge Brieant's decision to exclude his counsel and view the affidavit *ex parte*, 507

Mark H. Lynch, Washington, D. C. (American Civil Liberties Union Founda-

F.Supp. 117 (S.D.N.Y.1981). Immediately following argument of the appeal, the United States Attorney submitted to us the top secret Tillie affidavit. We have examined the affidavit and we agree with the district court that, under the circumstances, it was not error to deny to plaintiff's counsel the right to be present at the *in camera* inspection of the affidavit. We also conclude from our reading of the Tillie affidavit that there was no error in granting summary judgment for NSA on the basis of the affidavit's disclosures.

When the NSA moved for summary judgment in December, 1979, it offered two affidavits of John R. Harney, Tillie's predecessor. Both affidavits set forth why the existence or non-existence of the Ruby intercept was classified, and why the fact of interception fell under either § 552(b)(1), exempting from FOIA matters "specifically authorized . . . . by an Executive order to be kept secret in the interest of national security," or under § 552(b)(3), concerning matters "specifically exempted from disclosure by statute" which "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue."

 Mr. Harney's second affidavit explained that he had disclosed as much as possible without violating national security. He offered to furnish an *in camera* affidavit, if the court required further information. We directed the district court to view the proffered affidavit *in camera*, which the district court construed to mean an *ex parte* proceeding, *i.e.*, without counsel present. There is no dispute that all Judge Brieant did was to go to the United States Attorney's office immediately adjacent to the courthouse, and read the Tillie affidavit alone, without argument from the United States Attorney. As Judge Brieant wrote in his grant of summary judgment, the Tillie affidavit sets forth specifically the damage to national security that might well result from disclosing whether or not the Ruby message was intercepted. That is, the Tillie affidavit simply creates a more complete record. *Phillippi v. CIA*, 546 F.2d

1009, 1013 (D.C.Cir.1976). Disclosure of the details of this affidavit might result in serious consequences to the nation's security operations. The risk presented by participation of counsel, *Hayden v. NSA*, 608 F.2d 1381, 1385–86 (D.C.Cir.1979), outweighs the utility of counsel, or adversary process, in construing a supplement to the record. Given these circumstances, Judge Brieant was correct in following our directions and excluding counsel from the *in camera* viewing. We also find no error in his grant of summary judgment.

Affirmed.