MARTIN AND MERRELL, INC., et
al., Plaintiff,

v.

UNITED STATES CUSTOMS SERVICE,
et al., Defendants.

No. 86–354–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 18, 1986.

Peter S. Herrick, Miami, Fla., for plaintiff.

Jeanne Mullen Huff, Asst. U.S. Atty., Miami, Fla., for defendants.

## MEMORANDUM OPINION AND FINAL ORDER DISMISSING CASE

SPELLMAN, District Judge.

This CAUSE came before the Court on Defendant's motion to dismiss this case. Because this Court finds that one area on which the complaint is based is moot, and the other seeks to have the Freedom of Information Act extended beyond its contemplated purpose, it is hereby

ORDERED AND ADJUDGED that the motion to dismiss the amended complaint is GRANTED; and the cause is hereby dismissed.

## BACKGROUND.

The facts surrounding this case are simple. The Plaintiff represents an engineering company that imports PVC fittings through the Miami District of the United States Customs Service. The Plaintiff acts as a broker between importers and the Customs Service to ensure that the filing of entry documentation as required by the Service is accurate. The Plaintiff filed suit under the Freedom of Information Act to release certain liquidated entries that were filed between the years 1984 and 1985. Moreover, the Plaintiff requested the release of an internal document known as a "liquidation locator." Finally, in the Plaintiff's amended complaint the Court is asked to order the Customs Service to establish

computer terminals at the Miami Division so that those who need information concerning liquidation dates will not be inconvenienced by having to file a Freedom of Information Request.

## OPINION

■ This Court finds that the Plaintiff has failed to state a solid claim upon which this Court can properly grant relief. Defendants correctly point out that for one, the suit, which is filed against not only the Customs Service but also the District Director and Regional Commissioner fails to comport with the jurisdictional requirements of the Freedom of Information Act, which contemplates suits brought against agencies but not individuals. *Friedman v. F.B.I.*, 605 F.Supp. 306, 317 (N.D.Ga.1981); *OKC Corp. v. Williams*, 461 F.Supp. 540, 549 (N.D.Tex.1978). Certainly the claim against these two individuals would not have proceeded further even without this Court's order to dismiss the entire case. Fed.R.Civ.P. 12(b)(5).

■ On a more central issue, the liquidated entries the release of which formed the original basis for the lawsuit are now in the possession of the Plaintiff. Although it may have taken longer to receive than the Plaintiff may have desired, the case is now moot on this issue.

■ Plaintiff also requested the release of a "liquidation locator" or monthly entry locator list. The Defendant has enlightened this Court that the Customs Service routinely posts, as required by law, liquidation entry dates at the Miami District of the United States Customs Service. Upon posting these bulletin notices, the Service is confident that they have made available accurate and reliable information for public inspection. The "liquidation locator" is an internal document that does not contain updated accurate liquidation dates. So long as the Service is following their own regulations on how to provide such information, and such information is ultimately available, albeit not in an expedited format, it is difficult to see how the Plaintiff can state a claim for relief based on not having access to this information.

■ Finally, the Plaintiff's request to have this Court order the Miami District of the U.S. Customs Service to install computer terminals for public reference is totally without merit. The Act in no way contemplates that agencies, in providing information to the public, should invest in the most sophisticated and expensive form of technology. Indeed, the Plaintiff is not able to come forward with any authority that suggests that such technology is required in all districts of the United States Customs, regardless of budgetary considerations. Simply because one district office has "sprung for fancier digs" does not require equivalent treatment elsewhere.

The case law is clearly weighted against interpreting FOIA to mean that "agencies are required to disclose information through the most prompt, full and efficient method available, . . ." *Lybarger v. Cardwell*, 577 F.2d 764, 767 (1st Cir.1978), *aff'g* 438 F.Supp.1075 (D.Mass.1977) (denying request to waive copying costs and deliver updated materials upon availability). A recent case in this circuit stood for a similar proposition. *Mandel Grunfeld and Herrick v. U.S. Customs Serv.*, 709 F.2d 41, 43–44 (11th Cir.1983). In that case, which coincidentally features the attorney for the plaintiff in the case before this Court as the Plaintiff of record, the eleventh circuit held that an attorney is not entitled to receive bulletin notices of "liquidated entries" by mail from the United States Customs Service, even if the attorney is prepared to pay for the costs of delivery. In light of the fact that the court in *Mandel Grunfeld and Herrick* did not allow plaintiff's attorney the right to receive mailed confirmations of bulletin notices, it is difficult to see how Mr. Herrick believed that this Court would be more receptive to the relief requested in this case.

It is for these reasons that this Court rules that the Plaintiff has not stated a claim for relief that can be supported under existing law.