915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Walter S. KYLE, Plaintiff, Appellant,
v.
UNITED STATES of America, et al., Defendants, Appellees.
 No. 90-1020.
 United States Court of Appeals, First Circuit.
 Sept. 10, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts, Mark L. Wolf, District Judge.
 Walter S. Kyle on brief, pro se.
 Wayne A. Budd, United States Attorney, Nicholas C. Theodorou, Assistant U.S. Attorney, Margaret Jane Porter, Chief Counsel, and Linda S. Kahan, Associate Chief Counsel for Enforcement, Food and Drug Administration, on brief, for appellees.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and CAMPBELL and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Walter S. Kyle, has appealed the entry of summary judgment in favor of the government and the denial of his motions to compel discovery and to amend his complaint in an action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552. We have reviewed the parties' briefs and the record on appeal. The district court has set out the factual background and the pertinent legal principles in a comprehensive memorandum and order, dated November 16, 1989, and we see no need to repeat such here. We agree with the district court's determination and affirm substantially for the reasons stated in that memorandum and order. We add the following comments.
 
 
 2
 1. We reject appellant's somewhat vague suggestion, made in passing, that he lacked notice of the court's intent to rule on the government's motion for summary judgment, thereby preventing him from filing opposing affidavits. The government moved for summary judgment and to stay discovery on March 20, 1987. Appellant filed an opposition on April 2, 1987. The court thereafter, between October 20, 1987 and December 19, 1988, entered several procedural orders directed at, inter alia, having the parties settle the matter informally. Although the parties conferred, no settlement was reached. In each subsequent filing with the court, appellant continued to insist that the government's response to his document requests was inadequate and that the court should not rule on the motion for summary judgment in advance of his receipt of discovery. The government, in turn, stated that it had provided all the responsive documents in its possession and repeatedly renewed its motion for summary judgment. In view of the posture of the case and the parties' responses, there was no unfairness to appellant in ruling on the motion for summary judgment without further notice.
 
 
 3
 Likewise, we reject appellant's contention that the district court (or this court) should treat his motion to compel discovery as a request for a continuance pursuant to Fed.R.Civ.P. 56(f). Even were such treatment warranted, a question we need not resolve, there would be no point in doing so. Appellant does not say why a continuance should have been granted and it is inconceivable based on the posture of the parties that a continuance, even if granted, would have produced a different result. "To the extent that discovery is allowed in an FOIA action, it is directed at determining whether complete disclosure has been made, e.g., whether a thorough search for documents has taken place...." Giza v. Secretary of Health, Ed. & Welfare, 628 F.2d 748, 751 (1st Cir.1980); see also Friedman v. F.B.I., 605 F.Supp. 306, 316 (N.D.Ga.1984); Exxon Corp. v. Federal Trade Com'n., 466 F.Supp. 1088, 1092-94 (D.C.1978), aff'd, 663 F.2d 120 (D.C.Cir.1980). Appellant's complaints about the government's search techniques amounted to little more than suppositions that more documents must exist. Such assertions, however, are "insufficient to raise material questions of fact with respect to the adequacy of the search," Meeropol v. Meese, 790 F.2d 942, 953 (D.C.Cir.1986), in the face of a relatively detailed, nonconclusory affidavit submitted in good faith by the government agency showing that it has conducted a reasonable search. Id. at 953-54; see also Wiesberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1486 (D.C.Cir.1984); Goland v. Central Intelligence Agency, 607 F.2d 339, 353 (D.C.Cir.1978), cert. denied, 445 U.S. 927 (1980).
 
 
 4
 2. Appellant contends that the district court "erred in holding that the appellant's complaint focused soley [sic] on lot 3-444." The appellant is wrong in two respects. First, the district court stated that appellant's complaint primarily focused on his requests for documents and electron microscope photographs relating to the testing and review of Lot # 3-444. Second, there was no "error." The district court's analysis of appellant's complaint is absolutely correct.
 
 
 5
 Appellant further complains that the district court abused its discretion in denying his motion to amend his complaint. The motion to amend the complaint was denied with prejudice only insofar as it pertained to appellant's request concerning Lot # 3-444. Appellant now suggests that his proposed amended complaint sought, apart from documents of testing and records on Lot # 3-444 itself, documents of testing and records on the "adventitious agent" within Lot # 3-444 and that this amendment should have been allowed. Without this explanation, provided on appeal, this construction is not readily apparent from a reading of the proposed amended complaint and we certainly cannot fault the district court if, in fact, it missed this subtlety. In any event, even assuming the distinction is more than semantics, we agree with the government's contention that in light of the thorough and exhaustive efforts made to find documents relating to Lot # 3-444, a distinction between a search for documents about testing on Lot # 3-444 and documents about the testing of organisms that appellant alleges were found in that lot would not have had an effect on the outcome of the search. Appellee's brief at p. 26 n. 14, Record Appendix (R.A.) at p. 412. Moreover, the record indicates that, when the appellant, during the course of the discussions aimed at settlement, made this more particularized concern known to the government, it redirected efforts to locate such documents, R.A. at pp. 315-19, but none were found, id. at p. 334; pp. 426-33. Obviously, leave to amend need not be given where, as here, such amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Arzuaga-Collazo v. Oriental Federal Savings Bank, No. 89-2124, slip op. at 7 (1st Cir. Aug. 27, 1990).
 
 
 6
 3. The government has moved to strike pages 3 through 11 and 14 through 19 of the addendum to appellant's brief on the ground that this material was not part of the record before the district court. In response, the appellant does not assert that this material was, in fact, presented to the district court. Rather, appellant contends that this material is appropriately included, pursuant to Loc.R. 28.2, as "[o]ther items ... considered necessary for understanding the specific issues on appeal." The appellant errs. That portion of Loc.R. 28.2, with appellant's omitted ellipse restored, "[o]ther items or short excerpts from the record considered necessary for understanding the specific issues on appeal", and when read in context of the entire Loc.R. 28.2, refers to items from the record. This court does not consider material not presented to the district court and therefore not part of the record on appeal. See Fed.R.App.P. 10(a). The motion to strike is granted.
 
 
 7
 Appeal affirmed.
 
 
 8
 The motion to strike is granted.